[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUSPENSION OFPROSECUTION
The defendant in these cases is charged together with other crimes with multiple counts of the violation of General Statutes § 21a-277(a), the sale of heroin, an unclassified CT Page 6415 felony. The punishment provided by the statute provides for a maximum sentence of 15 years and/or a $50,000 fine for a first offense. This penalty exceeds that provided for a Class C felony (a minimum of 1 year and a maximum of 10 years and/or a $5,000 fine).
The defendant, pursuant to General Statutes §§ 17a-653 et seq., has moved that the court suspend prosecution of this case. The statute specifically exempts from its benefits any person charged with a Class A, B or C felony, but further provides that "the court may waive the ineligibility provisions of this subsection for any person."
The statute is designed to give drug dependent offenders the opportunity to receive treatment for their addiction in cases where the charge is a Class D felony or less and possibly enable those who successfully undertake the program to avoid prosection [prosecution]. In 1989, the legislature amended the act to eliminate the power of the prosecution to veto the waiver of the defendant's eligibility. Any waiver now is subject to the discretion of the court.
This court, after hearing evidence, finds that the defendant is clearly drug dependent. What remains for the court to determine is whether or not his prosecution might be suspended because he is not charged with a Class A, B or C felony, or alternatively whether the court should waive this proviso.
This court has reviewed the legislative history of §§ 17a-651 et seq. Although the legislators who discussed the bill on the floor of the legislature never discussed its intentions concerning drug statutes specifically, what is clear is that they contemplated eligibility for the diversion program implemented by these statutes as applying only to misdemeanors and Class D felonies. See remarks of Rep. Farr, June 7, 1989, (14312) and Sen. Avallone, June 2, 1989, (3677, 3671).
The penalties provided for in § 21a-277(a) far exceed those of a Class D felony.
This court is of the opinion that the legislature never intended for this pretrial diversion program to apply to serious drug offenders even though they may be in fact drug dependent persons. Although the legislature gave the court CT Page 6416 authority to waive the strict eligibility requirements, it is the court's view that this discretion was meant to apply only to close or deserving situations where its discretion should be exercised in favor of some defendants.
This case, however, embodies no such situation.
The defendant is charged with violations of our criminal statutes, which, if he is convicted, could incarcerate him for well over 100 years. The magnitude of these offenses is obvious to anyone.
The legislature never intended to allow drug dealers to escape prosecution because they were drug dependent.
This court therefore holds that General Statutes § 17a-651 exempts from eligibility a defendant charged with a violation of § 17a-277(a). In view of the magnitude of the charges against the defendant, it is also a case where the court should not exercise its discretion to waive the eligibility requirements. The defendant's motion for suspension of prosecution is denied.
Freed, J.